Orig.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC HUNT, and<br>ANDREA HUNT,<br><br>    Plaintiffs,<br><br>      vs.<br><br>Chicago Police Officers<br>HAROLD BONE, # 4776;<br>GERALD BREIMON, # 16667;<br>MICHAEL STACK, # 18480;<br>ERIC OLSEN, # 4494;<br>ARLYN CASSIDY, # 2920;<br>THOMAS DINEEN, # 19770;<br>VICTOR GUTIERREZ, # 20220;<br>JOHN BOYLE, # 20671;<br>Unnamed police officers; and<br>Cook County Assistant State's<br>Attorney CATHERINE QUINLAN,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**00C 6591**

Judge

**JUDGE NORDBERG**

Jury Demand

**MAGISTRATE JUDGE SCHENKIER**

**DOCKETED**

OCT 2 4 2000

**COMPLAINT**

**Introduction**

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The Defendants are sued in their individual capacities. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

**Summary of Factual Claim**

2.    It is alleged that on October 24, 1998, Plaintiff Eric Hunt was unlawfully arrested in front of his home at 4025 West Potomac, City of Chicago, pursuant to a warrant which did not pertain to him. After the unlawful arrest, Plaintiff ERIC HUNT was beaten in front of his home. During the beating, ERIC HUNT'S

1

mother, Plaintiff ANDREA HUNT, exited the home, and she too was assaulted and battered by Chicago police officers. Plaintiff ERIC HUNT was taken to a police station, where he was illegally interrogated and coerced to sign a false confession. Plaintiff ERIC HUNT was released on November 6, 1998, after a judge had ruled that the wrong person was in custody.

### Parties

3.    At all times relevant to this complaint, Plaintiff ERIC HUNT was a resident of the City of Chicago, State of Illinois.

4.    At all times relevant to this complaint, Plaintiff ANDREA HUNT was a resident of the City of Chicago, State of Illinois.

5.    At all times relevant to this complaint, the Defendant police officers were acting under color of state law as duly appointed police officers of the Chicago Police Department, and were acting in the course and scope of their employment.

6.    At all times relevant to this complaint, Defendant CATHERINE QUINLAN was acting under color of state law as a duly appointed assistant state's attorney of the Cook County State's Attorney's Office, and was acting in the course and scope of her employment.

### Facts

7.    On October 24, 1998, at about 8:00 p.m., Plaintiff ERIC HUNT was on the front porch of his home at 4025 West Potomac in the City of Chicago.

8.    Plaintiff ERIC HUNT was on his front porch with his brother Timothy Hunt, and another person.

9.    At said date, time and place, Defendants BONE and BREIMON approached and seized the three individuals on the front porch, including Plaintiff ERIC HUNT. All three were ordered to "get up

2

against the wall."

10.   Defendants BONE and BREIMON ordered that all three remove their shoes. The three complied with the commands.

11.   Defendants BONE and BREIMON handcuffed all three persons, including Plaintiff ERIC HUNT.

12.   Defendants BONE and BREIMON searched all three men, including Plaintiff ERIC HUNT.

13.   Prior to the search and seizure, Plaintiff ERIC HUNT had not committed any criminal offenses, there was not a warrant for his arrest, and the Defendants had no legal or probable cause to search, seize or arrest Plaintiff ERIC HUNT.

14.   After seizing Plaintiff ERIC HUNT's identification, Defendants BONE and BREIMON told Plaintiff ERIC HUNT that there was a warrant for his arrest.

15.   There was not a warrant for the arrest of Plaintiff ERIC HUNT.

16.   Plaintiff ERIC HUNT repeatedly told the police officers that there was not a warrant for his arrest, and that they had the wrong person.

17.   While Plaintiff ERIC HUNT was still handcuffed, Defendants BONE and BREIMON physically removed Plaintiff ERIC HUNT from the front porch of his home, took him to the street, and forced him in the back seat of their police car.

18.   On the way to the police car, and in the police car, Plaintiff ERIC HUNT continued to plead with these Defendant police officers that they had the wrong person and that he was not wanted for a warrant.

19.   Defendants BONE and BREIMON removed Plaintiff ERIC HUNT from the police car, pushed him on the ground, and repeatedly beat,

3

kicked, and battered Plaintiff ERIC HUNT about his whole body, including poking a long stick-like object into Plaintiff ERIC HUNT's back while he was on the ground being beaten.

20. At the time of the beating, at no time did Plaintiff ERIC HUNT use any force or resistance except that which was reasonably necessary and legally permissible to protect himself from the unreasonable and excessive force he was being subjected to.

21. Subsequent to the search and seizure of Plaintiff ERIC HUNT on his front porch, other Chicago police officers arrived on the scene, including, but not limited to, Defendants MICHAEL STACK, ERIC OLSEN, ARLYN CASSIDY, and THOMAS DINEEN. These Defendant officers failed to stop the beating and protect Plaintiff ERIC HUNT.

22. During said beating of Plaintiff ERIC HUNT in front of his home, Plaintiff ERIC HUNT's pants came down and his genitalia was exposed.

23. During said beating of Plaintiff ERIC HUNT, Defendant officers, or some of them, repeatedly screamed vulgar and gross profanity at Plaintiff ERIC HUNT.

24. During or immediately after the beating of Plaintiff ERIC HUNT, the Defendants, or some of them, handcuffed Plaintiff ERIC HUNT's feet.

25. During the beating of ERIC HUNT, Plaintiff ANDREA HUNT, mother of Plaintiff ERIC HUNT, came out of Plaintiffs' family home at 4025 West Potomac after someone had informed her that the police were beating up her son, Plaintiff ERIC HUNT.

26. Plaintiff ANDREA HUNT attempted to explain to the Defendant police officers involved or present at the beating that Plaintiff ERIC HUNT should not be arrested or beaten.

4

27. One or more of the officers called Plaintiff ANDREA HUNT "Aunt Jemima"; threatened to arrest her, and also stated "go take a bath bitch," amongst other things.

28. One or more of the Defendant police officers grabbed one of Plaintiff ANDREA HUNT's fingers, bent and twisted the finger, and caused Plaintiff ANDREA HUNT injury and pain.

29. One or more of the Defendant police officers grabbed Plaintiff ANDREA HUNT, twisted her arm, and threw her toward a car and onto the ground, thus causing Plaintiff ANDREA HUNT injury and pain.

30. The next morning, on October 25, 1998, Plaintiff ANDREA HUNT was treated for her injuries at Norwegian American Hospital.

31. After he was arrested, Plaintiff ERIC HUNT was taken to a Chicago police station, Area Five police headquarters at Grand and Central, where he was detained and imprisoned.

32. Plaintiff ERIC HUNT was charged with aggravated battery to a police officer and criminal damage to city property.

33. At the police station, Defendant police officers VICTOR GUTTIEREZ and JOHN BOYLE, along with Defendant assistant state's attorney CATHERINE QUINLAN, interrogated Plaintiff ERIC HUNT, and caused him to sign a false confession.

34. On November 5, 1998, a judge ruled that Plaintiff ERIC HUNT was improperly in custody, that the warrant Plaintiff ERIC HUNT had been arrested for by Defendants BONE and BREIMON was not for Plaintiff ERIC HUNT, and ordered that Plaintiff ERIC HUNT be released.

35. On November 6, 1998, Plaintiff ERIC HUNT was released from custody.

36. Plaintiff ERIC HUNT was falsely detained and imprisoned

for 13 days, from October 24, 1998, to November 6, 1998.

37. As a direct and proximate result of the acts of the defendants described above, Plaintiff ERIC HUNT suffered the following injuries and damages:

    a) Violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution;

    b) Loss of his physical liberty;

    c) Multiple body trauma, physical injury, and pain and suffering;

    d) Mental and emotional pain, suffering, and mental anguish and humiliation;

38. The acts of the Defendants were done with reckless disregard to Plaintiffs' constitutional rights, thereby entitling Plaintiffs to punitive damages.

### COUNT I
### 42 U.S.C. § 1983, False Arrest/Imprisonment

39. Plaintiff ERIC HUNT realleges paragraphs 1 through 38 as if fully set forth herein.

40. The actions of Defendants BONE and BREIMON in handcuffing and arresting Plaintiff ERIC HUNT on the front porch of his home without any legal or probable cause violated his Fourth Amendment right to be free from unreasonable searches and seizures as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff ERIC HUNT asks that this Honorable Court:

    a) Enter judgment against Defendants BONE and BREIMON;

    b) Award compensatory and punitive damages to Plaintiff ERIC HUNT against the Defendants BONE and BREIMON, jointly and severally, as determined at trial;

6

c)   Award Plaintiff attorney's fees and costs;

d)   Award such other and additional relief that this
     Honorable Court deems just and equitable.

### COUNT II
### 42 U.S.C. § 1983, Illegal Search

41.   Plaintiff ERIC HUNT realleges paragraphs 1 through 38 as
if fully set forth herein.

42.   The actions of Defendants BONE and BREIMON in searching
Plaintiff ERIC HUNT on the front porch of his home without any
legal or probable cause violated his Fourth Amendment right to be
free from unreasonable searches and seizures as guaranteed by the
Fourteenth Amendment.

WHEREFORE, Plaintiff ERIC HUNT asks that this Honorable Court:

a)   Enter judgment against Defendants BONE and BREIMON;

b)   Award compensatory and punitive damages to Plaintiff ERIC
     HUNT against Defendants BONE and BREIMON, jointly and
     severally, as determined at trial;

c)   Award Plaintiff attorney's fees and costs;

d)   Award such other and additional relief that this
     Honorable Court deems just and equitable.

### COUNT III
### 42 U.S.C. § 1983, Excessive Force

43.   Plaintiff ERIC HUNT realleges paragraphs 1 through 38 as
if fully set forth herein.

44.   The actions of Defendants BONE and BREIMON in beating,
punching, and kicking Plaintiff ERIC HUNT violated his Fourth
Amendment right to be free from unreasonable and excessive force as
guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff ERIC HUNT asks that this Honorable Court:

7

a) Enter judgment against Defendants BONE and BREIMON;

b) Award compensatory and punitive damages to Plaintiff ERIC HUNT against Defendants BONE and BREIMON, jointly and severally, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT IV
### 42 U.S.C. § 1983, Failure to Protect
### from Unreasonable and Excessive Force

45. Plaintiff ERIC HUNT realleges paragraphs 1 through 38 as if fully set forth herein.

46. The Defendant police officers HAROLD BONE, GERALD BREIMON, MICHAEL STACK, ERIC OLSEN, ARLYN CASSIDY, and THOMAS DINEEN were present for the unlawful use of force against Plaintiff ERIC HUNT and failed to protect Plaintiff ERIC HUNT from such force, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable and excessive force, and Fourteenth Amendment right to due process.

WHEREFORE, Plaintiff ERIC HUNT asks that this Honorable Court:

a) Enter judgment against HAROLD BONE, GERALD BREIMON, MICHAEL STACK, ERIC OLSEN, ARLYN CASSIDY, and THOMAS DINEEN;

b) Award compensatory and punitive damages to Plaintiff ERIC HUNT against said Defendants, jointly and severally, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

8

<u>**COUNT V**</u>
**42 U.S.C. § 1983, Excessive Force**

47.   Plaintiff ANDREA HUNT realleges paragraphs 1 through 38 as if fully set forth herein.

48.   The actions of Defendant police officers, whose exact identity is unknown at this time, in grabbing, battering, and throwing Plaintiff ANDREA HUNT, violated her Fourth Amendment right to be free from unreasonable and excessive force as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff ANDREA HUNT asks that this Honorable Court:

a)    Enter judgment against those Defendant police officers who subjected her to excessive and unreasonable force;

b)    Award compensatory and punitive damages to Plaintiff ANDREA HUNT against these Defendant police officers, jointly and severally, as determined at trial;

c)    Award Plaintiff attorney's fees and costs;

d)    Award such other and additional relief that this Honorable Court deems just and equitable.

<u>**COUNT VI**</u>
**42 U.S.C. § 1983, Failure to Protect
from Unreasonable and Excessive Force**

49.   Plaintiff ANDREA HUNT realleges paragraphs 1 through 38 as if fully set forth herein.

50.   The Defendant police officers HAROLD BONE, GERALD BREIMON, MICHAEL STACK, ERIC OLSEN, ARLYN CASSIDY, and THOMAS DINEEN were present for the unlawful use of force against Plaintiff ANDREA HUNT and failed to protect Plaintiff ANDREA HUNT from such force, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable and excessive force, and Fourteenth

9

Amendment right to due process.

WHEREFORE, Plaintiff ANDREA HUNT asks that this Honorable Court:

a)  Enter judgment against Defendant police officers HAROLD BONE, GERALD BREIMON, MICHAEL STACK, ERIC OLSEN, ARLYN CASSIDY, and THOMAS DINEEN;

b)  Award compensatory and punitive damages to Plaintiff ANDREA HUNT against said Defendants, jointly and severally, as determined at trial;

c)  Award Plaintiff attorney's fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### 42 U.S.C. § 1983, Unconstitutional Interrogation

51. Plaintiff ERIC HUNT realleges paragraphs 1 through 38 as if fully set forth herein.

52. After Plaintiff ERIC HUNT was arrested and searched in front of his home, Plaintiff ERIC HUNT was taken to a police station where he was interrogated.

53. Participants in this interrogation included Defendant police officers VICTOR GUTTIEREZ and JOHN BOYLE, and assistant state's attorney CATHERINE QUINLAN.

54. Prior to the interrogation, Plaintiff Eric Hunt did not making a knowing, intelligent and voluntary waiver of his right to counsel.

55. As a result of the interrogation, Plaintiff ERIC HUNT was coerced and compelled to sign a false confession, in violation of his Fifth Amendment right against self-incrimination, Sixth Amendment right to counsel, and Fourteenth Amendment right to

substantive due process.

WHEREFORE, Plaintiff ERIC HUNT asks that this Honorable Court:

a)   Enter judgment against Defendants VICTOR GUTTIEREZ, JOHN
     BOYLE and CATHERINE QUINLAN;

b)   Award compensatory and punitive damages to Plaintiff ERIC
     HUNT against said Defendants, jointly and severally, as
     determined at trial;

c)   Award Plaintiff attorney's fees and costs;

d)   Award such other and additional relief that this
     Honorable Court deems just and equitable.

**Plaintiffs demand trial by jury on all counts.**

                              Respectfully submitted,
                              Law Offices of Lawrence V. Jackowiak


                              LAWRENCE V. JACKOWIAK
                              Counsel for the Plaintiffs

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
221 No. LaSalle Street - Suite 1938
Chicago, Illinois  60601
(312) 795-9595
Attorney No.: 6231003

11

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req___
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the
of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JUDGE NORDBERG

ERIC HUNT and ANDREA HUNT

MAGISTRATE JUDGE SCHENKIER

**DEFENDANTS** Chicago Police Officers
HAROLD BONE, GERALD BREIMON, MICHAEL STACK,

ERIC OLSEN, ARLYN CASSIDY, THOMAS DINEEN,
VICTOR GUTIERREZ, and JOHN BOYLE,
And asst. state's atty CATHRINE QUINIAN.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Cook

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

Cat 2    DOCKETED    00C 6591

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence V. Jackowiak
221 No. LaSalle Street, Suite 1938
Chicago, Ill. 60601
(312) 795 9595

OCT 24 2000

ATTORNEYS (IF KNOWN)
City of Chicago Corporation Counsel
Cook County State's Attorney

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAI___
(For Diversity Cases Only)                              AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | D |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to Dis___
Judge from
☐ 7 Magistrate
Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Ju___ |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civil Action for damages pusruant to 42 U.S.C. Section 1983 for denial of plaintiff's
constitutional rights.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in compla___
JURY DEMAND: ☒ YES  ☐ NO

## VIII.    This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number_____, previously dismissed by Judge _____

DATE  10-24-2000

SIGNATURE OF ATTORNEY OF RECORD    Lawrence V. Jackowiak

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

    ERIC HUNT and ANDREA HUNT,

          VS.

    HAROLD BONE, et.al.

**00C 6591** Case Number

**JUDGE NORDBERG**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

    Plaintiffs Eric Hunt and Andrea Hunt

**MAGISTRATE JUDGE SCHENKIER**

| (A) | (B) |
|---|---|
| SIGNATURE *Lawrence V. Jackowiak* | SIGNATURE **DOCKETED OCT 24 2000** |
| NAME Lawrence V. Jackowiak | NAME |
| FIRM Law Offices of Lawrence V. Jackowiak | FIRM |
| STREET ADDRESS 221 No. LaSalle Street, Suite 1938 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Ill. 60601 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 795-9595 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6231003 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |